IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01792–PAB–KMT

SAVITRI PANDEOSINGH,

      Plaintiff,

v.

AMERICAN MEDICAL RESPONSE, INC.,
GLOBAL MEDICAL RESPONSE, INC., and
EMERGENCY MEDICAL SERVICES CORP.,

      Defendants.

---

# ORDER

---

This matter is before the court on "Defendants' Motion to Vacate the Award of Attorneys' Fees and Costs Dated April 7, 2014" [Doc. No. 55] and "Plaintiff's Motion to Enforce Order Granting Sanctions" [Doc. No. 40], as well as the related motions "Plaintiff's Motion for Sanctions and Adverse Inferences for Defendants' Failure to Comply with the Court's November 1, 2013, January 9, 2014, and February 7, 2014 Orders" [Doc. No. 28, unredacted version Doc. No. 36] and "Plaintiff's Motion for Fees and Costs Associated with Reopening Steve Murphy's and Paul Anderson's Depositions" [Doc. No. 27]. Each motion has been fully briefed and the court has considered the corresponding responses and replies along with submitted exhibits.

This case has taken a circuitous route to finally arrive in this federal court in the District of Colorado. The procedural background of the case was set forth by Senior District Judge Fredric Block in his Order transferring the case to Colorado on April 30, 2014:

>       This case originated in Florida in the spring of 2009, when Pandeosingh filed suit against AMR, GMR, and a third entity, Global Medical Response of Trinidad & Tobago ("GMRTT"), that is not a party to this action. After removing the case to the U.S. District Court for the Southern District of Florida on May 26, 2009, defendants succeeded in having the case dismissed for lack of personal jurisdiction on July 8, 2009. Pandeosingh's motion to reopen the case was denied on August 27, 2009.
>
>       Pandeosingh then filed suit against AMR and GMR in New York Supreme Court, Queens County, in October 2009. Defendants removed the case to [U.S. District Court for the Eastern District of New York] on November 23, 2009, and moved again to dismiss for lack of personal jurisdiction. They also moved to dismiss on *forum non conveniens* grounds. In a Memorandum and Order issued on February 15, 2012, the Court denied the motion to dismiss for lack of personal jurisdiction, but granted leave to refile the motion after plaintiff had had an opportunity to conduct limited jurisdictional discovery. The Court also denied the motion to dismiss on grounds of *forum non conveniens. Pandeosingh v. AMR,* 2012 WL 511815 (E.D.N.Y. 2012) (hereinafter "Feb. 15 Opinion").
>
>       Jurisdictional discovery ended in January 2013, and as a result of information uncovered during discovery, Pandeosingh sought leave to amend her complaint to add EMSC [Emergency Medical Services Corp.] as a third defendant. The Court granted plaintiff's request and Pandeosingh filed her amended complaint on February 5, 2013, adding EMSC. In June 2013, defendants, by letter motion, once again moved to have the case dismissed for lack of personal jurisdiction. In addition, EMC [sic] sought dismissal on *forum non conveniens* grounds. The Court denied the jurisdictional motion to dismiss as to AMR because it conceded that it was registered to do business in New York, and had thereby consented to jurisdiction. *See Augsbury Corp. v. Petrokey Corp.,* 97 A.D.2d 173, 175 (3d Dep't 1983) ("[A]uthorization to do business in the State and concomitant designation of the Secretary of State as its agent for service of process . . . is consent to in personam jurisdiction."). However, since EMSC and GMR brought challenges to many of plaintiff's jurisdictional factual assertions, the Court held a hearing on December 16-17 to resolve them. *See Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 196-97 (2d Cir. 1990) ("If the defendant contests the plaintiff's factual allegations, then a hearing is required, at which the plaintiff must prove the existence of jurisdiction by a preponderance of the evidence.").

Order of Senior District Judge Fredrick Block signed April 30, 2014 ("Transfer Order") [Doc. No. 1]. In the Transfer Order, Judge Block concluded that the New York federal court did not have personal jurisdiction over Defendant GMR and transferred the case this court because it

would have jurisdiction over all three defendants, given they are all headquartered in this state. (*Id*. at 14-15.)

While the case was pending in New York, the parties actively argued and fought over even the simplest discovery requests. As noted by Judge Block, in his affirmance of sanctions against the Defendants after Plaintiffs had been forced to filed three motions to compel production of documents as a result of Defendants' repeated failure to comply with the Magistrate Judge's orders:

> Numerous admonishments have been delivered by both the magistrate and district judge at multiple proceedings over a span of more than four years. The parties have been on notice of the Court's expedited trial schedule, which has already been delayed once because of discovery disputes and defendants' failure to adhere to Magistrate Judge Reyes's earlier orders. Defendants have also acknowledged that documents exist, but rather than seek ways to be responsive and to work with the Court to fashion protective orders and employ other measures to ensure that sensitive information will be handled appropriately, they have instead relied on jurisdictional and lack-of-control arguments. Given the time that has passed, the tenor of communications with counsel, and the record that has accumulated to date, Magistrate Judge Reyes determined that defendants have, at minimum, repeatedly failed to comply with his orders in a manner that warrants the award of costs.

Order of Senior Judge Fredric Block dated March 12, 2014 ("Affirming Order") [Doc. No. 1-268] (affirming Order of Magistrate Judge Reyes dated February 7, 2014 (Minute Entry, no document number; *see* Colorado Doc. No. 1-316, NY docket sheet) awarding sanctions against Defendants for discovery violations). Judge Block also stated:

> Magistrate Judge Reyes has spent multiple days with counsel throughout this case, and he has devoted significant time to reviewing hundreds of pages of materials that the parties have filed. He has repeatedly helped clarify and limit discovery requests to ensure that the parties had a mutual understanding of the scope and meaning of requested items, particularly those relating to the relationship of the business entities that fall under the sprawling corporate umbrella of parent company EMSC. Magistrate Judge Reyes has also taken particular care to explain to the parties the basis of his rulings throughout

discovery, and the record shows that he provided plaintiff and defendants an opportunity to argue each issue.

Affirming Order at 2-3. Plaintiff's filed a Bill of Costs requesting $82,187.73 in costs and fees [Doc. No. 1-235], which Magistrate Judge Reyes reduced to $21,094.35. [Doc. No. 1-304.]

In keeping with their propensity to beat a dead horse into dust, the parties now argue this court should either (1) enforce the sanction award granted by Magistrate Judge Reyes and affirmed by Senior Judge Block, or (2) set aside the award because of the lack of jurisdiction over one of the defendants by the court entering the sanction award.

Generally, the law of the case doctrine provides that, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618 (1983). One of the branches[1] of this doctrine "holds that a court should generally adhere to its own prior rulings, but this rule merely guides the court's discretion; it does not limit its power." *United States v. Johnson,* 12 F.3d 1540, 1544 (10th Cir. 1993) (citing *Arizona,* 460 U.S. at 618). "Thus, the doctrine does not bind a judge to follow rulings in the same case by another judge of coordinate jurisdiction as long as prejudice does not ensue to the party seeking the benefit of the doctrine." *Id.* (citing *United States v. Birney,* 686 F.2d 102, 107 (2d Cir. 1982)). *See also Rimbert v. Eli Lilly & Co.,* 647 F.3d 1247, 1251 (10th Cir. 2011) (the limited bases that typically justify a departure from a prior ruling under the law of the case doctrine—*i.e.*, (1) new and different evidence; (2) intervening controlling authority; or (3) a clearly erroneous prior decision which would work a manifest injustice—do not apply to interlocutory rulings revisited prior to the entry of a final judgment).

---

[1] The other branch of the law of the case doctrine, which is not relevant here, "deals with a lower court decision that has been ruled upon by an appellate court." *Johnson,* 12 F.3d at 1544

Prejudice in this context does not refer to the harm that results from a failure to apply the doctrine; instead, it refers to a lack of sufficiency of notice and an opportunity to prepare armed with the knowledge that one judge is disregarding the ruling of another." *Birney,* 686 F.2d at 107; *Johnson,* 12 F.3d at 1544.

In addition to the limitations on application of the law of the case doctrine in this procedural posture, because the Eastern District of New York recognized that it lacked personal jurisdiction over GMR, it is arguable that its orders are void as to GMR. *See United States v. Bigford,* 365 F.3d 859, 864-865 (10th Cir. 2004) (recognizing the longstanding proposition that judgments rendered by a court lacking personal jurisdiction are void). Of course, the same orders as applied to EMSC and AMR do not suffer from this infirmity.

The orders which the New York judges found had been violated by the Defendants undisputedly concerned discovery matters pursuant to Fed. R. Civ. P. 26. Magistrate Judge Reyes determined that the defendants, including two over which the court ultimately found it had jurisdiction and one for which it found no personal jurisdiction existed, had the necessary **control over** GMRTT to obtain and produce the requested discovery documents and ordered that the collective defendants do so. Affirming Order at 3-4. Important to this analysis is that the New York courts did not make any determinations about corporate liability under a theory of piercing the corporate veil or otherwise. Instead, the court merely found the requested documents were relevant under the broad brush of Fed. R. Civ. P. 26(b) and Magistrate Judge Reyes, after thorough analysis, found that the defendants had control over the discovery documents such that production would not be unreasonably cumulative, duplicative, burdensome, or expensive. Fed. R. Civ. P. 26(b)(2). There is no indication that Magistrate

5

Judge Reyes or District Judge Block found that production of the discovery would cause the defendants undue annoyance, embarrassment, oppression, or undue burden or expense. Therefore, Magistrate Judge Reyes, as affirmed by District Judge Block, ordered the production of the discovery from all defendants and the defendants thereafter failed to produce as ordered. Upon that failure, Magistrate Judge Reyes, again as affirmed by Judge Block, ordered sanctions to be imposed against Defendants in favor of Plaintiffs in the amount of $21, 094.35.

This court sees no reason to set aside that sanction award for a pattern of behavior that occurred in the Eastern District of New York in defiance of court orders.  The sanctions award was based on a finding, essentially, that the parties before the court "could" obtain the relevant discovery requested by the Plaintiff, but instead were actively and willfully choosing not to produce the documents.

Likewise, Magistrate Judge Reyes and District Court Judge Block already determined that the appropriate penalty for the defendants' failures to meaningfully and fully participate in discovery as ordered was a monetary sanction of $21,094.35.  To the extent the Plaintiff is seeking further sanctions with respect to the behavior in New York, that motion will be denied.

Therefore it is **ORDERED**

"Plaintiff's Motion to Enforce Order Granting Sanctions" [Doc. No. 40] is **GRANTED.** The orders of Magistrate Judge Reyes and the affirmation of those Orders by District Judge Block [Doc. No. 1-268] is adopted by this court with respect to the award of sanctions against Defendants and in favor of Plaintiff in the amount of $21,094.35.  Defendants shall remit the sum of $21,094.35 to the Plaintiff by certified funds **on or before November 15, 2014**.

"Defendants' Motion to Vacate the Award of Attorneys' Fees and Costs Dated April 7, 2014' [Doc. No. 55] is **DENIED.**

"Plaintiff's Motion for Sanctions and Adverse Inferences for Defendants' Failure to Comply with the Court's November 1, 2013, January 9, 2014, and February 7, 2014 Orders" [Doc. No. 28] is **DENIED**.

On the same day as he awarded sanctions against Defendants for failure to comply with previous orders, Magistrate Judge Reyes also heard arguments regarding Plaintiff reopening two depositions: Steve Murphy and Paul Anderson. (Minute Order, February 7, 2014 [Doc. No. 1-316]; Letter Motion [Doc. No. 1-205].) The Letter Motion requested that the court "order another deposition of Mr. Murphy (or another GMR corporate designee) at Defendants' expense so the above matters and others concerning GMRTT may be fully explored. For all these reasons, this Court should order Mr. Murphy's deposition be reopened at Defendants' cost." Letter Motion at 9-10.

The Response filed by the Defendants is a rehash of the arguments made in New York, to wit: Defendants' counsel did not obstruct the original depositions; that counsel for GMRTT caused the complained of violations of deposition procedure; and that Plaintiff's counsel did not request immediate rulings from the Magistrate Judge when the conduct was occurring during the depositions.

The Minute Entry corresponding to Magistrate Judge Reyes' hearing states, "Rulings on the record granting motion." Neither side saw fit to provide this court with a full transcript of the hearing which consisted of 77 pages, only a few of which were attached to Defendants' Response. [Doc. No. 44-2.] Therefore, the court will assume that the ruling was to resolve the

7

motion in total. That motion included a request for costs' occasioned by reopening the two depositions.

Applying the same legal analysis as above, the court sees no grounds or reasons to overturn the considered opinion of a Magistrate Judge who was very experienced with the facts of the case and the conduct of the parties and whose Order was rendered after a lengthy hearing. Therefore, this court finds that the costs, exclusive of attorney fees, of reopening the depositions of Steve Murphy and Paul Anderson shall be borne by the Defendants.

It is therefore **ORDERED**

"Plaintiff's Motion for Fees and Costs Associated with Reopening Steve Murphy's and Paul Anderson's Depositions" [Doc. No. 27] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's is awarded her costs associated with reopening and conducting the depositions of Murphy and Anderson, exclusive of any additional attorney fees.

The Plaintiff shall file her itemized claimed costs on or before October 24, 2014. The Defendants may present any objections to the costs as calculated on or before November 5, 2014.

Dated this 20th day of October, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge