IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01792–PAB–KMT

SAVITRI PANDEOSINGH,

    Plaintiff,

v.

AMERICAN MEDICAL RESPONSE, INC.,
GLOBAL MEDICAL RESPONSE, INC., and
EMERGENCY MEDICAL SERVICES CORP.,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion to Reopen Discovery to Take Additional Depositions" filed July 23, 2014 [Doc. No. 29]. "Defendants' Opposition to Plaintiff's Motion to Take Additional Depositions" ("Resp.") [Doc. No. 52] was filed on August 13, 2014 and Plaintiff replied on August 25, 2014 ("Reply") [Doc. No. 62]. The matter is ripe for review and ruling.

Plaintiff seeks to reopen discovery for the purpose of taking the depositions of non-parties Trace Skeen and corporate designees of Marsh USA. Plaintiff asserts that it has good cause to take these depositions outside the previously designated discovery period as a result of late disclosures and because certain critical documents were not produced by Defendants until after the February 4, 2014 close of discovery.

Plaintiff asserts that in December 2013, Defendants first alerted the plaintiff to the existence of GMR[1] former employee, Trace Skeen, a witness who had not been disclosed up to that point.  Plaintiff alleges that Mr. Skeen had significant involvement in the formation of GMRTT and the day-to-day control Defendants exerted over GMRTT, however Defendant GMR allegedly did not timely produce documents while the case was pending in the Eastern District of New York concerning Mr. Skeen so that a deposition could be scheduled.

Marsh USA was the insurance brokerage firm to whom Ron Thackery, the Safety and Risk Manager of EMSC/AMR, allegedly made representations about AMR's control over GMRTT to enable AMR to obtain insurance coverage for the 2008 ambulance explosion in Trinidad.  Plaintiff asserts that although some of the email correspondence between Marsh USA and Thackery has been produced by Defendants, some was withheld, preventing the Plaintiff from being able to adequately examine a Marsh USA representative prior to the expiration of the discovery period.

Defendants' objection to Plaintiff's request to take these two depositions is primarily based on timeliness.  Additionally, as to Marsh USA, Defendants argue that one or more documents about which Plaintiff seek to inquire do not exist and, therefore, reopening discovery would be a waste of time.  Further, Defendants argue that Mr. Thackery's comments to Marsh USA occurred in 2010, two years after the 2008 accident, for the purposes of obtaining insurance

---

[1] Defendant Global Medical Response, Inc., will hereinafter be referenced as GMR. Additionally, Defendant American Medical Response, Inc. will hereinafter be referenced as AMR; Defendant Emergency Medical Services Corp. will hereinafter be referenced as EMSC; and, non-party Global Medical Response of Trinidad & Tobago, will hereinafter be referenced as GMRTT.

going forward, not with respect to coverage for the 2008 incident.  Defendants assert that these comments are therefore irrelevant.

### ANALYSIS

#### A.     *Legal Standard for Reopening Discovery*

The Court may modify scheduling orders upon a showing of good cause.  *See* Fed. R. Civ. P. 16(b)(4); D.C.COLO.LCivR 16.1.  Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court.  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).   When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the nonmoving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that discovery will lead to relevant evidence.  *Id.; see also Celani v. Neumeyer*, No. 09-cv-01501-PAB-KLM, 2011 WL 4972058, at *2-4 (D. Colo. Oct. 19, 2011).

#### B.     *The* Smith *Factors*

##### 1.     *Imminence of Trial*

When this motion was originally filed in Case No. 09-cv-05143-FB-RER in the Eastern District of New York, the parties were subject to District Judge Block's accelerated trial schedule.  In this District, however, no trial has yet been set nor will one be set until a Final Pretrial Conference is held and a Final Pretrial Order entered.  The Court finds that depositions

of Trace Skeen and of Marsh USA may be reasonably accomplished in a short amount of time. The first *Smith* factor, therefore, weighs in favor of granting Plaintiff's motion.

### 2. *Whether the Request is Opposed*

Defendants oppose the reopening of discovery to allow Plaintiff to take these two depositions. However, the only argument advanced is that Plaintiff somehow should have known how important Trace Skeen might be to the litigation in spite of Defendants' late production of documents and failure to disclose pursuant to Fed. R. Civ. P. 26(a)(1). This court disagrees. Although Plaintiff acknowledges she first learned about Trace Skeen's existence in December 2013, it was only after the February 21, 2014 document production – several weeks *after* the close of discovery -- that she learned Trace Skeen (1) was invited to attend all GMRTT board meetings; (2) supervised and instructed Paul Anderson, the CEO of GMRTT, in carrying out the daily operation of GMRTT; and (3) negotiated with the Ministry of Health of Trinidad and Tobago on GMRTT's behalf. (*See* Plaintiff's Motion for Sanctions and Adverse Inferences for Defendants' Failure to Comply with the Court's November 1, 2013, January 9, 2014, and February 7, 2014 ["Pl.'s Mot. Sanctions & Adv. Inf."], Doc. Nos. 28, 36 at 15-17 (citing documents from Defendants' February 21, 2014 production).

As to Marsh USA, Plaintiff alleges that in 2010 Ron Thackery represented to Marsh USA that "AMR has active control" over GMRTT for purposes of insurance coverage. (*See* argument more fully developed in Pl.'s Mot. Sanctions & Adv. Inf. at 7-9). Plaintiff duly questioned Mr. Thackery during his deposition on January 23, 2014, approximately one week before the close of discovery, about his representations to and discussions with Marsh USA regarding the existing insurance coverage; however, it appears that Mr. Thackery's memory was less than sterling.

4

(Resp. at 2; Reply, Ex. 1, Deposition of Ronald Thackery, at 138:8-146:10.) Further, Plaintiff alleges Defendants did not produce any documents referencing Marsh USA until January 11, 2014—less than a month before the close of discovery. The fact that there is a dispute over the context of Mr. Thackery's representations further supports the need for a deposition of Marsh USA.

This Court finds that Defendants objections are not well-founded based on the history of this case, including the finding that the Eastern District of New York lacked jurisdiction over GMR. Therefore, the second factor weighs in favor of granting Plaintiff's request.

### 3. *Whether the Non–Moving Party would be Prejudiced*

Defendants can point to no prejudice which will inure to them if the two depositions are allowed to go forward and the court's independent review has revealed none. Dispositive motions have not been filed nor is there a deadline mandated for such filings and, as previously noted, no Final Pretrial Order has been entered and no trial is scheduled.

From this court's reading of the many discovery orders of Magistrate Judge Reyes and District Judge Block, it appears that it has been the Defendants who have prolonged the discovery process and repeatedly violated court orders. (See this court's Order, [Doc. No. 75] dated October 20, 2014.) Plaintiff has been required to file numerous motions to compel and depositions already have been reopened once to cure the prejudice to Plaintiff. All counsel are deeply familiar with the case, so additional depositions will not be unduly burdensome.

This Court finds that allowing the depositions of Trace Skeen and Marsh USA is not unduly prejudicial to Defendants. Accordingly, the third *Smith* factor weighs in favor of granting Plaintiff's request.

### 4.      *Diligence of Moving Party*

Defendants do not dispute they failed to identify Trace Skeen in their initial disclosures, or in any supplements thereto. Plaintiff asserts that Trace Skeen is a very important witness concerning issues of control of GRMTT by the defendants. Plaintiff alleges that Defendants did not search for or produce documents from Mr. Skeen's computer until after both the close of discovery and the originally scheduled February 18, 2014 trial date. When they did search the computer, Plaintiff alleges Defendants identified 2,000 potentially relevant emails plus attachments "going back to the initial formation of GMR and GMRTT up to March 2011," and produced these to Plaintiff on February 21, 2014, weeks after the close of discovery. (Reply at 5-6.)

The Court finds that Plaintiff has acted diligently but has been thwarted by Defendants failure to timely produce requested documents. Therefore, it is in the interest of justice to reopen discovery on a limited basis. The fourth *Smith* factor weighs in favor of granting Plaintiff's motion.

### 5.      *Foreseeability of the Need for Additional Discovery*

This Court finds that plaintiff has adequately explained why the need for the two depositions was not reasonably foreseeable during the Court-prescribed discovery period. Given the late production of documents and Mr. Thackery's failure of memory at his deposition, the Plaintiff acted promptly in trying to reopen discovery to take the two depositions. (See Doc. No. 1-269, Plaintiff's Letter Seeking to Reopen Discovery to Take Additional Depositions, filed March 14, 2014 in the Eastern District of New York.) Therefore, the fifth *Smith* factor weighs in favor of granting Plaintiff's motion.

### *6.     Likelihood that Discovery will Lead to Relevant Evidence*

Mr. Skeen obviously possesses evidence relevant to this litigation, and specifically related to the control Defendants are alleged to have exercised over non-party GMRTT during the relevant time period. The Defendants also acknowledge Mr. Skeen's "involvement in the formation of GMRTT" in their Response. (Resp. at 1.) Further, the Defendants do not challenge the Plaintiff's assertion that documents concerning Mr. Thackery and his discussions with Marsh USA were produced late, although they posit that Mr. Thackery's discussions will be irrelevant to the issues in this case. The court disagrees with Defendants. Mr. Thackery's representations to any entity or individual that AMR controls GMRTT, if such representations were indeed made, are highly relevant to the issues in this case and would likely be admissible at trial. See *Spacecon Specialty Contractors,* No. 09-cv-02080-REB-KLM, 2010 WL 4823056, at *4 (D. Colo. Nov. 15, 2010) (sixth *Smith* factor weighed in favor of reopening discovery "[b]ecause relevancy during the discovery process is broadly construed, the Court agrees with Plaintiff that deposing [the witness] is likely to yield relevant evidence.").

All six of the *Smith* factors weigh in favor of granting Plaintiff's motion. Therefore, the Court will reopen discovery for the limited purpose of allowing Plaintiff to depose Trace Skeen and take the Fed. R. Civ. P. 30(b)(6) deposition of Marsh USA upon proper notice.

It is **ORDERED**

"Plaintiff's Motion to Reopen Discovery to Take Additional Depositions" [Doc. No. 29]

is **GRANTED**. The depositions of Trace Skeen and Marsh USA shall be taken **on or before January 12, 2015.**

Dated this 28th day of October, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge