IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01792–PAB–KMT

SAVITRI PANDEOSINGH,

    Plaintiff,

v.

AMERICAN MEDICAL RESPONSE, INC.,
GLOBAL MEDICAL RESPONSE, INC., and
EMERGENCY MEDICAL SERVICES CORP.,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion to Compel Production of Documents on Defendants' Privilege Logs" ("Mot.Priv.Log") [Doc. No. 31], filed July 21, 2014.[1] "Defendants' Response to Plaintiff's Motion to Compel Production of Documents on Defendants' Privilege Logs" ("Resp.") [Doc. No. 54] was filed on August 13, 2014, and Plaintiff's Reply [Doc. No. 60] was filed on August 19, 2014. The matter is ripe for review and ruling.

Plaintiff urges the court to find that Defendants' privilege claims with respect to documents on two logs, one dated December 23, 2013 [Doc. No. 31-2 at 2-4] and another dated February 28, 2014 [Doc. No. 31-2 at 5-6] should be waived and the documents produced to Plaintiff. As grounds, Plaintiff claims the privilege logs are deficient because they (1) "provide

---

[1] This date references the re-filing of the motion in the District of Colorado.

insufficient detail and fail to address all elements of the attorney-client privilege," and (2) "erroneously claim privilege by merely indicating that an attorney was a party to a communication [when] the communications are purely factual or appear to have been sent in the normal course of business, and thus were not predominantly seeking legal advice, and so are not privileged."  (Mot.Priv.Log at 1.)  By way of response, Defendants assert only, "the privilege log contains the required information and a sufficient description so that the entitlement to the assertion of privilege can be sustained."  (Resp. at 2.)  This court applauds brevity when appropriate; however in this case Defendants' skimpy conclusion is simply wrong.

Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information.  *S.E.C. v. Nacchio,* No. 05–cv–00480–MSK–CBS, 2007 WL 219966, at *4 (D. Colo. Jan. 25, 2007). To that end, Rule 26(b) permits discovery "regarding any *nonprivileged* matter that is relevant to any party's claim or defense" or discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  The party resisting discovery on grounds of privilege or the work product doctrine bears the burden of coming forward with facts that would sustain its claim. *Nacchio,* 2007 WL 219966, at *4; *Resolution Trust Corp. v. Heiserman,* 151 F.R.D. 367, 373 (D. Colo. 1993).

By excluding "privileged" information from the broad parameters of pretrial discovery, Rule 26 attempts to strike a balance between conflicting interests.  Privileges further the administration of justice and "should not be set aside lightly."  *See Horton v. United States,* 204 F.R.D. 670, 672 (D. Colo. 2002); *McNeil–PPC, Inc. v. Procter & Gamble Co.,* 138 F.R.D. 136,

138 (D. Colo. 1991). However, privileges also have the effect of withholding relevant information from the finder of fact, and for that reason should be narrowly construed. *See Montgomery v. Leftwich, Moore & Douglas,* 161 F.R.D. 224, 225 (D.D.C. 1995). For the same reason, the party withholding information on the basis of privilege must make *a clear showing* that the asserted privilege applies and must establish all elements of the privilege. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Midland Bancor, Inc.,* 159 F.R.D. 562, 567 (D. Kan. 1994); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 683 (D. Kan. 2000) (the party invoking a privilege must establish all elements of the doctrine through an evidentiary showing based on competent evidence; "the burden cannot be discharged by mere conclusory or *ipse dixit* assertions."); *Resolution Trust Corp. v. Dabney,* 73 F.3d 262, 266 (10th Cir. 1995) ("a mere allegation that the work product doctrine applies is insufficient").

Where a party withholds otherwise relevant information by claiming it is privileged and lists such documents on a privilege log, that party is required to "describe the nature of the documents, communications, or tangible things not produced or disclose—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). In this Circuit,

> [a] party seeking to assert privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made . . . . The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document.

*Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir.1984). *See also Atteberry v. Longmont United Hosp.,* 221 F.R.D. 644, 649 (D. Colo. 2004). Senior District Judge John L. Kane set forth the following categories of information necessary for a satisfactory privilege log:

>   (1) the author or origin of the document;
>   (2) any documents or materials attached to the document;
>   (3) all recipients of the document, including addresses and persons or entities receiving copies;
>   (4) the date of the origin of the document;
>   (5) and a description of the contents of the document in sufficient detail as to reveal why it is subject to the asserted privilege.

*Wildearth Guardians v. U.S. Forest Service,* 713 F. Supp. 2d 1243, 1266-1267 (D. Colo. 2010).  Privilege log entries may be deemed insufficient where they are missing "a descriptive indication as to why the document fits the elements of the privilege—for example, that it was not shared with a larger group and therefore not confidential." *Id*.

Upon examining the two privilege logs produced by the Defendants in this case, they are, across the board, insufficient.  To cite only a few glaring examples, on the February 28, 2014 Privilege Log, entry number 4 describes an email authored by William Donahue, a Claim Director of ACE USA to EMSC in-house counsel, Julie Mederos and Ronald Thackery, Senior VP of EMSC and AMR.  Defendants claim this document is subject to the attorney client privilege based on the subject "Status of Pandeosingh."  There is no indication that the email involved the rendering of legal advice or what is meant by "Status of Pandeosingh."  In order to be covered by the attorney-client privilege, a communication between a lawyer and client must relate to legal advice or strategy sought by the client.  *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998); *In the Matter of Grand Jury Subpoena*, 697 F.2d 277, 278 (10th Cir. 1983).  Just because an email is copied to in-house counsel does not render the document subject to privilege.  As another example, the first entry on the December 23, 2013 Privilege Log describes an April 2, 2008 email from Mr. Thackery to EMSC in-house counsel Todd Zimmerman described as "Update on accident."  This log entry suffers from the same infirmity.  Information

4

which is merely factual and is simply relayed to a client through an attorney is not a privileged communication. *Sequa Corp. v. Lititech, Inc.*, 807 F. Supp. 653, 660 (D. Colo. 1992)

It is clear that the two privilege logs at issue do not comply with the Federal Rules of Civil Procedure. The attorney client privilege, however, is sacrosanct. The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The attorney-client privilege facilitates the client's need for advice and the attorney's need for complete information in rendering that advice. *In re Qwest Communications Int'l, Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006); *Horton v. United States*, 204 F.R.D. 670, 672 (D. Colo. 2002) (quoting *In re Bieter Co.*, 16 F.3d 929, 937-38 (8th Cir. 1994). Therefore, declaring a waiver of privilege as an appropriate sanction for an inadequate log is too harsh. Defendants should be allowed to cure the deficiency in their logs if possible and preserve the attorney-client privilege to the extent it is truly applicable.

On the other hand, Plaintiffs went to considerable lengths to avoid court intervention with respect to the inadequate logs. (See Mot.Priv.Log, Ex. 5, six-page, single-spaced letter to counsel describing the privilege log deficiencies and requesting that Defendants amend the logs to provide adequate information.) Plaintiff filed a detailed letter brief in the Eastern District of New York outlining the deficiencies in Defendants' logs. (Mot.Priv.Log, Ex. 2.) Plaintiff prepared its own Privilege Log Deficiencies chart which is far more detailed than Defendants' privilege logs. (Mot.Priv.Log, Ex. 3.) In spite of the burden which was clearly on Defendants to justify its claims of privilege, Defendants apparently never attempted to fix their deficient logs

5

and saw fit to respond to Plaintiff's motion with a dismissive 3-page response.  This attitude is at odds with the Local Rules of this court which require that opposing attorneys make reasonable, good-faith efforts to resolve disputed matters before bringing them to the court for ultimate resolution.  D.C.COLO.LCivR 7.1(a); Fed. R. Civ. P. 1, 37.

Therefore, in light of Defendants' unreasonable and intractable position, the costs for bringing this motion to the court should be borne by the Defendants.

It is **ORDERED**

"Plaintiff's Motion to Compel Production of Documents on Defendants' Privilege Logs" [Doc. No. 31] is **GRANTED IN PART**.

1. On or before **November 7, 2014,** Defendants shall file one Amended Privilege Log listing all documents withheld from production in discovery on the basis of privilege.  The Amended Privilege Log shall contain detail sufficient to comply with this Order.

2. Plaintiffs shall be awarded their reasonable costs and attorney's fees associated with bringing the instant motion before this court against the Defendants.  On or before **November 17, 2014**, Plaintiff shall file an itemized calculation of costs and attorney's fees associated with bringing this motion in the District of Colorado.  Defendants may file objections to the calculation of costs and fees on or before **December 1, 2014**.

Dated this 30th day of October, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge