IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01792–PAB–KMT

SAVITRI PANDEOSINGH,

    Plaintiff,

v.

AMERICAN MEDICAL RESPONSE, INC.,
GLOBAL MEDICAL RESPONSE, INC., and
EMERGENCY MEDICAL SERVICES CORP.,

    Defendants.

---

## ORDER

---

    This matter is before the court on "Plaintiff's Motion to Enforce Court Orders" [Doc. No. 30]. For the following reasons, the motion is denied without prejudice.

    This court is having great difficulty deciphering from the currently filed pleadings exactly what Plaintiff claims is still missing from discovery provided by non-party, foreign entity Global Medical Response of Trinidad & Tobago ("GMRTT"). The parties reference a confusing mishmash of email correspondence, letter motions (which are not utilized in this District), general correspondence and text entry orders from the Eastern District of New York, attempting to persuade the court that discovery of some kind should have been provided but allegedly was not.[1] This round-about presentation is nothing short of gobbledygook to a reader new to the

---

[1] For instance, Plaintiff's Motion references a letter from Christian A. Levesque dated April 1, 2014 [Doc. 30-3] which states " "Plaintiff's various requests make reference to and incorporate

case.  While recognizing that the parties have a lengthy history before the Eastern District of New York which made certain shorthand references reasonable, this court is not inclined to engage in the frustrating task of making sense of these intertwined documents to figure out the ultimate question -- "What do you want?"

Fed. R. Civ. P. 7(b) requires that a motion seeking court assistance must: ". . . (B) state with particularity the grounds for seeking the order; and (C) state the relief sought."  In other words, tell the court what you contend is specifically missing from GMRTT's document production and why you are entitled to the documents you profess to have requested but which you aver have not been produced.  Numbered topics would be particularly helpful.  If Magistrate Judge Reyes has <u>specifically</u> ruled on a <u>specific</u> document request, the parties should cite to his Order by page and line and attach a copy of the Order referenced.

It is **ORDERED**

1.      "Plaintiff's Motion to Enforce Court Orders" [Doc. No. 30] is **DENIED** without prejudice.  On or before November 11, 2014, Plaintiff may file a new Motion to Compel, if she deems appropriate, specifically setting forth the precise documents or categories of documents she asserts are missing from GMRTT's compelled document production and her basis for asserting entitlement to such documents.  Requests which are broadly or vaguely referenced will

---

discovery requests from pages 5 and 6 of their letter filed on January 3, 2014 . . . ." *Id.*; *see also* ECF No. 73 at 2. Plaintiff's 1/3/14 Letter Motion to Compel was granted in full, and incorporates *all* previously requested discovery. *Id.* at 1 ("Plaintiff Savitri Pandeosingh moves to compel, pursuant to Local Rule 37.3(c), Defendants AMR, GMR, and EMSC to produce all outstanding discovery . . . ."). Moreover, the Court's November 1, 2013 order required Defendants to produce documents from GMRTT. Plaintiff's 1/3/14 and 1/22/14 letters addressed the documents Defendants directly had not produced, but of course GMRTT had produced only a limited number of documents concerning a few policies and was required to respond to all outstanding discovery." Whew.

be rejected out of hand.  Defendants may respond to the newly filed motion, if any, on or before November 18, 2014, likewise restricting their response to specifics in the same manner as the court has required of the motion.  Plaintiff may file a Reply on or before November 25, 2014.

Dated this 4th day of November, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge