IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01792–PAB–KMT

SAVITRI PANDEOSINGH,

      Plaintiff,

v.

AMERICAN MEDICAL RESPONSE, INC.,
GLOBAL MEDICAL RESPONSE, INC., and
EMERGENCY MEDICAL SERVICES CORP.,

      Defendants.

## ORDER

This matter is before the court on "Plaintiff's Itemized Costs Associated with Retaking Depositions of Steve Murphy and Paul Anderson" filed October 23, 2015 ("Cost Request #1") [Doc. No. 76]. "Defendants' Opposition to Plaintiff's Itemized Costs Associated with the Retaking of the Depositions of Steven Murphy and Paul Anderson" was filed on November 4, 2014 [Doc. No. 79]. No Reply was filed.

Additionally, the court considers "Plaintiff's Itemized Calculation of Costs & Fees Associated with Bringing Her Motion to Compel Documents On Defendants' Privilege Logs in the District of Colorado" filed November 6, 2014 (Cost Request #2") [Doc. No. 81]. "Defendants' Response to Plaintiff's Itemized Calculation of Costs and Fees Associated with Motion to Compel Documents On Defendants' Privilege Log" was filed on November 24, 2014 [Doc. No. 89] and "Plaintiff's Reply in Support of Her Itemized Calculation of Costs and Fees

Associated with Her Motion to Compel Documents On Defendants' Privilege Logs" [Doc. No. 96] was filed on December 3, 2014. Both requests are ripe for review and ruling.

## I. COST REQUEST #1

### A. *Costs Incurred for Re-Taking Depositions.*

Plaintiff has submitted costs for the following categories of expenses for which they seek reimbursement: (1) Round trip train fare Washington D.C. to New York, New York and taxi at destination; (2) overnight hotel expenses May 11 and 12, 2014; (3) meal charges for the same time period; (4) court reporter fees and transcript for the Steve Murphy deposition; and (5) court reporter fees and transcript for the Paul Anderson deposition.

Defendants do not object to the expense of the round trip train travel for Mr. Levesque of $464.00.[1] Defendants limit their objections to costs submitted which they claim would have been incurred by Plaintiff even if the attorney for Defendants had not wrongfully instructed the witness not to answer. As to the deposition of Mr. Murphy, Defendants argue that the cost of the one night's hotel room would have been necessary in Ft. Lauderdale for the continuation of Mr. Murphy's deposition because the deposition ended at 5:52 p.m.. Therefore, Mr. Levesque would have had to stay over one night in Ft. Lauderdale to complete the deposition of Mr. Murphy even if the objection had not been made. The same argument is made with respect to the overnight New York lodging to finish the deposition of Paul Anderson. Mr. Anderson's first deposition ended at 6:52 p.m. so Defendants argue any additional testimony would, by necessity of the hour, have been taken the next day. Therefore, costs would have been incurred for an overnight stay in Trinidad to continue the original deposition. Dovetailing that argument, the Defendants

---

[1] Defendants do not specifically mention the taxi fare submitted of $52.60, therefore the court infers there is no objection.

also argue that meals for that additional day should also be excluded.

Additionally, Defendants argue that the costs for the transcripts of testimony and for exhibits would have been costs incurred in any event had the two depositions continued each into their second day. Further, they argue that costs for the additional hours with the court reporter would also have been incurred for the continuing the depositions in the first instance.

The court overrules the objection of Defendants to the two nights lodging which was incurred by Mr. Levesque. The Plaintiff's attorney was unnecessarily forced to expend his attorney time to travel to New York to take the depositions. If the depositions had simply gone forward as scheduled and resumed the same day, the six hours that Mr. Levesque spent on the train would not have been necessary.[2] Therefore, the court finds that the costs of the hotel that were incurred in New York were necessary and should be borne by the Defendants. However, the court does not accept the rate of $359.00 for the hotel room as submitted by Plaintiffs because the General Services Administration Per Diem Rate in May of 2014 for New York City lodging was a maximum of $267.00 per night. Of course counsel may stay wherever they like when traveling so long as their clients do not object to the cost. But when the costs are to be shifted, the court must determine what costs are reasonable. The court determines that the government per diem rate is the "reasonable" rate for a hotel in New York City at the time. Therefore the court will allow expenses of $534.00 for two nights lodging, plus city tax at .058% ($30.97) plus $4.00 New York City occupancy fee and New York City state tax of .924 ($49.34). Accordingly, lodging costs will be awarded in the total amount of $618.31.

The court will also allow meal expenses at the government per diem rate of $71.00 per

---

[2] Of course, the court did not include attorney fees as part of the calculation of costs for re-taking the two depositions,

day. Both May 11 and May 13, 2014 were half days. Therefore, the court will allow $142.00 in meal costs.

The court agrees with the defendants that the majority of the court reporter fees which were incurred would have been born by Plaintiff had not defense counsel interposed the instruction not to answer and concluded the deposition early. The hourly rate for the additional hours of testimony would have been incurred as would the costs of the videotapes and the transcript. The only additional costs which were incurred by Plaintiff appear to be the "first hour" fees, which this court likens to an "appearance fee" charged by the service simply to show up at the deposition site. Since such an appearance fee would have already been incurred at the beginning of the original depositions of Mr. Murphy and Mr. Anderson, those costs are additional. Therefore, the court will award $355.00 in extra court reporter costs.

Therefore the court orders that the Defendants shall pay to Plaintiffs the total sum of $1,631.91 in extra costs incurred with respect to the need for continued depositions of Steve Murphy and Paul Anderson pursuant to the court's October 20, 2014 Order [Doc. No. 75].

***COST REQUEST #2***

    *A.    Costs and Fees Awarded as Sanction*

On October 30, 2014, this court considered "Plaintiff's Motion to Compel Production of Documents on Defendants' Privilege Logs" ("Mot. Priv. Log") [Doc. No. 31], filed July 21, 2014. The court found that Defendants had failed to sufficiently prepare a privilege log for withheld documents and further that Defendants had responded to Plaintiff's motion in a dismissive manner, rather than attempting to remedy their woefully inadequate privilege log. Based on Defendants' "unreasonable and intractable position," the court granted Plaintiff its

costs and attorney fees in bringing and prosecuting the motion. (Mot. Priv. Log at 6; October 30, 2014 Order [Doc. No. 78] ("Priv. Log Order").)

Plaintiff submitted an accounting in the total amount of $2,605.60, representing its claim for attorney's fees.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended . . . multiplied by a reasonable hourly rate" which will result in what is commonly called the loadstar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id*. "[A] claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)

The party seeking an award of fees should submit specific evidence supporting the hours worked and rates claimed. *Hensley*, 461 U.S. at 433. The Tenth Circuit has noted that "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). "A district court is justified in reducing the number of hours considered if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id.*; *see also Robinson*, 160 F.3d at 1281.

Once the court has adequate time records, it must then ensure that the attorneys requesting fees have exercised reasonable billing judgment under the circumstances of the case.

5

*Id*. "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Id*; *see also Hensley*, 461 U.S. at 434, 437 (counsel are expected to exercise their billing judgment, "mak[ing] a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary").

When a court examines the specific tasks listed by an attorney claiming fee reimbursement, the court must first determine if the fees are properly chargeable under the circumstances of the case and then whether the number of hours expended on each task is reasonable. *Id.* Among the factors to be considered are: (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers. *Robinson*, 160 F.3d at 1281. "In this analysis, [the court should] ask what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." *Id*.

The Tenth Circuit has also opined that "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) (reduction in fees appropriate due to inexperience of an attorney which led to over-billing).

### 1.   *Attorney Billing Rates*

A reasonable hourly billing rate is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt.*,

6

*Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).  A court may use its own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable.  *Id.* at 1079; *see also Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1259 (10th Cir. 2005) (approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates for lawyers with comparable skill and experience practicing" in the relevant market).  The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1203 (10th Cir. 1998) (internal citations omitted).  In order to satisfy this burden, the party requesting fees must produce "satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff seeks reimbursement for the time spent by Terrence P. Collingsworth, Managing Partner with Conrad & Scherer, LLP in Washington, D.C. who has "over thirty years' experience as a litigator, primarily handling complex international cases." (Cost Request #2 at 12.)  Mr. Collingsworth has taught constitutional and employment law at several law schools. Additionally, Plaintiff seeks reimbursement for hours spent by Charity Ryerson, Associate with Conrad & Scherer, LLP who graduated from Georgetown University Law Center in 2012; Cassandra Webster Lenning, Associate with Conrad & Scherer, LLP who graduated from Duke University School of Law in 2011; and Lesley Wharton, Paralegal, Conrad & Scherer, LLP.

Having sought fee reimbursement in this case from the New York Magistrate Judge once

previously, Plaintiff seeks reimbursement at the rates deemed reasonable by Magistrate Judge Reyes at that time, rather than at their full billing rates.  Plaintiff seeks reimbursement at the rates of $400.00 per hour for Terrence Collingsworth, $150.00 per hour for Charity Ryerson and Cassandra Webster Lenning, and $80.00 per hour for paralegal Lesley Wharton.

Last year Senior Judge Lewis T. Babcock collected cases on the then-prevailing attorney hourly fee rates in the Colorado area in *Hitchens v. Thompson National Properties, LLC,* Case No. 12-cv-02367-LTB-BNB, 2014 WL 2218094, at *2 (D. Colo. May 29, 2014).  In analyzing the $250.00 hourly billing rate of one of the attorneys who "graduated from law school in 2005, has been licensed to practice for eight years, and is licensed in several states and federal courts including Colorado, Montana, Nevada, and North Dakota," the court found $250.00 per hour "a reasonable rate for an attorney of [that] experience in the Denver legal market.  *Id.; see also Peterson–Hooks v. First Integral Recovery, LLC*, No. 12–cv–01019–PAB–BNB, 2013 WL 2295449, at *7 n.10 (D. Colo. May 24, 2013) (collecting comparable cases).  Judge Babcock also found that the higher billing rates for three other attorneys, one at $430 an hour and two at $405 an hour, were also reasonable for attorneys described as follows: (1) the $430 billing attorney had 30 years of experience litigating complex business and commercial disputes and regularly handles trial, arbitration, mediation and appeal of large construction, fire subrogation and business matters; (2) the first $405 billing attorney had 25 years of experience and regularly handles complex commercial litigation, including securities matters; and (3) the second $405 billing attorney had 20 years of experience litigating complex business and commercial disputes.  *Id*.

Other cases have examined and upheld billing rates as high as $700.00 per hour in the

8

Colorado area. *See Dines v. Toys "R" Us., Inc.*, Civil Action No. 12-cv-02279-PAB-KMT, 2014 WL 201735, at *2 (D. Colo. Jan. 17, 2014)(in considering sanctions for discovery violation, approving rate of $330.00 per hour for attorney with 40 years of practice in complex commercial litigation); *Xtreme Coil Drilling Corp. v. Encana Oil & Gas Corp.*, 958 F. Supp. 2d 1238 (D. Colo. July 23, 2013) ("the prevailing rates in Denver for experienced litigators approach $400 per hour in recent years" and holding $450 per hour represented the maximum hourly rate that could be considered reasonable for lead trial counsel); *Home Design Servs. v. Collard Props., LLC,* Case No. 10-cv-00011–MSK–BNB, 2012 WL 2862881, *3 (D. Colo. July 11, 2012) (approving rate of $395.00 per hour for lead attorney); *Jankovic v. Exelis, Inc.*, Case No. 12–cv–01430–WJM–KMT, 2013 WL 1675936 (D. Colo. Apr. 17, 2013) (approving rate of $430 per hour); *Watson v. Dillon Cos., Inc.*, Case No. 08–cv–00091–WYD–CBS, 2013 WL 4547521, *2 (D. Colo. Aug. 28, 2013) (approving rate of $550 per hour for lead attorney); *Biax Corp. v. NVIDIA Corp.*, Case No. 09–cv–01257–PAB–MEH, 2013 WL 4051908 (D. Colo. Aug. 12, 2013) (relying on 2010 National Law Journal ("NLJ") billing survey showing Denver firms billed between $285 and $810 per hour for partners; approving rates of over $700 per hour for partners with comparable experience, but only "given the complexity of the subject matter, the high stakes of the case, and the contentiousness of the dispute").

I find that the billing rates for the listed attorneys and paralegal as set by Magistrate Judge Reyes (*See* Doc. No. 89-2 at 4) are reasonable hourly rates for the Denver metropolitan area as well and will condition this award on those submitted rates.

### *2. Hours Claimed.*

Plaintiff has submitted contemporaneous billing records which support the hours claimed by the Plaintiff for legal work associated with converting the original motion to the Colorado format, for drafting an original Reply and for otherwise presenting the issues to this Colorado court.

First, the court disagrees with Defendants' objection to the percentage parsing of the paralegal's work on the conversion of motions for the purposes of reassertion in the Colorado forum. This is a commendable use of paralegal skills and avoids having an attorney spend time and effort on re-drafting documents already billed to the client in attorney fees. Therefore the court will allow the costs requested to reimburse the paralegal for 3.695 hours at $80.00 per hour for a total of $295.60.

Associate attorney Charity Ryerson apparently did the heavy lifting on the Reply Brief for which Plaintiff claims 8.5 hours of her time. Mr. Collingsworth claims he spent 2.25 hours reviewing the Plaintiff's re-drafted motion, the Defendants' response, and Plaintiff's Reply. Associate Cassandra Webster Lenning spent .90 hours working on revisions in the Reply. Itemized bills were submitted to support these hours.

The court finds that the hours spent by the three attorneys are reasonable in relation to the issues involved in the motion and the value of the case and therefore will allow the hours. Therefore, the Defendant will be ordered to pay $2,605.60 as sanctions to the Plaintiff pursuant to the court's October 30, 2014 Privilege Log Order.

IT IS **ORDERED**

1. "Plaintiff's Itemized Costs Associated with Retaking Depositions of Steve Murphy and Paul Anderson" filed October 23, 2015 [Doc. No. 76] is **accepted in part.**

The Defendants shall pay to Plaintiff the total sum of **$1,631.91** in extra costs incurred with respect to the need for continued depositions of Steve Murphy and Paul Anderson pursuant to the court's October 20, 2014 Order.

2. "Plaintiff's Itemized Calculation of Costs & Fees Associated with Bringing Her Motion to Compel Documents On Defendants' Privilege Logs in the District of Colorado" [Doc. No. 81] is **accepted in full**. The Defendants shall pay to Plaintiff the total sum of $2,605.60.

3. Defendants shall remit the total sum of **$4,237.61** to the Plaintiff **on or before April 13, 2015**.

4. Defendants shall file with the court proof of payment of the $4,237.61 **on or before April 15, 2015.**

Dated this 27th day of March, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge