IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01792–PAB–KMT

SAVITRI PANDEOSINGH,

    Plaintiff,

v.

AMERICAN MEDICAL RESPONSE, INC.,
GLOBAL MEDICAL RESPONSE, INC., and
EMERGENCY MEDICAL SERVICES CORP.,

    Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiff's Motion to Strike GMR's and EMSC's Verified Answer." (Doc. No. 67, filed Sept. 8, 2014.) Defendants Global Medical Response, Inc. ("GMR") and Emergency Medical Services Corp.'s ("EMSC") "Opposition to Plaintiff's Motion to Strike" was filed on September 25, 2014 (Doc. No. 71) and "Plaintiff's Reply in Support of Motion to Strike GMR's and EMSC's Verified Answer" was filed on October 7, 2014 (Doc. No. 74). For the following reasons, Plaintiff's Motion to Strike is DENIED.

Plaintiff seeks to strike GMR and EMSC's Verified Answer to the First Amended Complaint," (Doc. No. 66, filed Sept. 4, 2014) as untimely. Plaintiff argues that, under Federal Rule of Civil Procedure 12(a)(4), GMR and EMSC's Answer was due within fourteen days after Senior District Judge Block's ruling on their motion to dismiss, which resulted in the transfer of

this case from the United States District Court for the Eastern District of New York to this court.[1]

At the outset, the court agrees that CMR and EMSC's Verified Answer is untimely. While Judge Block made his ruling on April 30, 2014, GMR and EMSC did not file their Verified Answer until September 4, 2014.

Nevertheless, Plaintiff has not cited to any statute, procedural rule, case law, or other authority suggesting that the court should strike GMR and EMSC's Verified Answer for that reason alone. While Federal Rule of Civil Procedure 12(f) authorizes the court to strike a pleading, it only applies to pleadings that contain "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Federal Rule of Civil Procedure 37(b)(2)(A)(iii) also authorizes the court to strike a pleading, but only for a failure to obey a discovery order. Finally, while at least one decision from this District struck an answer as untimely, it involved an answer filed *after* default had already been entered against the defendant. *See Combined Ins. Co. of Am. v. Glass,* No. 14-cv-01458-KMT, 2015 WL 996172 (D. Colo. Mar. 3, 2015).[2] *See also*

---

[1] Actually, Plaintiff argues that GMR and EMSC's answer was due within 14 days after the filing of her First Amended Complaint on February 5, 2013, notwithstanding the fact that Defendants filed a motion to dismiss on March 7, 2013. In support of this argument, Plaintiff relies on *Gen. Mills, Inc. v. Kraft Foods Global, Inc.,* 487 F.3d 1368, 1376 (Fed. Cir. 2007) *decision clarified on reh'g,* 495 F.3d 1378 (Fed. Cir. 2007), which holds that "the filing of a motion to dismiss does not extend the time for filing an answer to an *amended* complaint at least in the circumstances here where the time for responding to the original complaint has already run.").

Plaintiff never argued to Judge Block, however, that GMR and EMSC failed to timely answer. Moreover, for the reasons outlined in this order, the court would deny Plaintiff's Motion to Strike even if GMR and EMSC's answer was due at an earlier time while the case was before Judge Block.

[2] There are also cases where the court has stricken pleadings because it was impermissibly filed by an unrepresented individual on behalf of a corporate defendant. *See, e.g. Under Armour, Inc. v. Hot Gear, LLC,* No. 10-cv-01069-WYD-MEH, 2010 WL 3489936 (D. Colo. Aug. 10, 2010);

*Gibson v. Household Int'l, Inc.,* 151 F. App'x 529, 530-31 (9th Cir. 2005) (affirming district court's denial of a motion to strike answer where there was no prior entry of default).

Moreover, there is a strong preference for the disposition of litigation on the merits, particularly where there has been no showing of prejudice to the plaintiff. *Gulley v. Orr,* 905 F.2d 1383, 1386 (10th Cir. 1990) (affirming district court's denial of a motion for default judgment made at the close of trial, even when the defendant conceded that it failed to file an answer). Thus, when faced with a motion to strike, the court should balance the preference to reach the merits with the prejudice, if any, to the moving party. *Holmes v. Newark Pub Schs.,* No. 13-765 (FSH), 2013 WL 6199190, at *2 (D.N.J. Nov. 27, 2013) (citing *Wilson v. King,* No. 06-CV-2608, 2010 WL 678102, at *3 (E.D. Pa. Feb. 24, 2010)); *cf. Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.,* 173 F.R.D. 275, 285 (D. Colo. 1997) (citing 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1380, at 690-92 (2d ed. 1990)) (motions to strike under Rule 12(f) are a generally-disfavored, drastic remedy and ordinarily require a showing of prejudice).

The court declines to strike GMR and EMSC's Verified Answer. Plaintiff has not identified any prejudice resulting from GMR and EMSC's failure to timely answer. Moreover, there can be no doubt that these defendants have continuously and vigorously defended themselves throughout this action. As such, in light of the lack of prejudice to Plaintiff, the

---

*DC Aviation, LLC v. Avbase Flight Servs., LLC,* No. 06-cv-01960-PSF-BNB, 2007 WL 2683554 (D. Colo. Sept. 7, 2007). Those cases are irrelevant to the circumstances presented here.

progress made thus far in this case, and the preference for resolving litigation on its merits, it is

ORDERED that "Plaintiff's Motion to Strike GMR's and EMSC's Verified Answer" (Doc. No. 67) is DENIED.

Dated this 1st day of April, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge